IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARLE E. aka EARL E. BRAMHALL,<br><br>Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY POLICE DEPARTMENT, COLLEEN JACOBS, TRAVIS PEARCE, ROBERT BOBROWSKI, NICOLAS COOK, LAMONTE COX, BROCK HUDSON, JOSEPH MCCUEN, JERRY RANDALL, et al.,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS THE COUNTY DEFENDANTS (ECF NO. 93)**<br><br>Case No. 2:18-cv-00438-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

The Defendants Simarjit S. Gill, Melanie M. Serassio, Steven C. Gibbons,

Nathanial J. Sanders, Robert N. Parrish, Nathan J. Evershed, Chou Chou Collins,

Thomas V. Lopresto II, Craig Stanger, and Jared W. Rasband (collectively the

"Movants"), move the Court[1] to dismiss Plaintiff Earl E. Bramhall's Complaint against

them for failure to state a claim upon which this Court can grant relief.  (Defs.' Mot. to

Dismiss & Mem. in Support ("Mot. to Dismiss"), ECF No. 93.)  The Movants argue Mr.

Bramhall's Complaint does not comply with Rule 8 of the Federal Rules of Civil

Procedure ("Rules") because his Complaint fails "to sufficiently link individual

defendants to the acts alleged in the Complaint."  (Id. at 1.)  The Movants further assert

Mr. Bramhall's Complaint fails to state a claim against them in their official capacities, or

---

[1] On June 12, 2018, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 5.)

against the County, because he "failed to identify any custom or policy that guided the defendants' conduct and therefore violated [his] constitutional rights." (Id.)  Lastly, the Movants contend this Court should dismiss Mr. Bramhall's Complaint because absolute prosecutorial immunity shields them from suit.  (Id. at 1–2.)  Mr. Bramhall also names Ms. Christina P. Ortega, Gregory N. Febrache, and Jared N. Parrish as Defendants who worked as Salt Lake County Deputy District Attorneys and on his case.  (Compl., ECF No. 4 at 2, 24, 27.)  The Movants' arguments apply with equal force to these three Defendants.  Thus, the undersigned refers to Ms. Ortega, Mr. Febrache, Mr. Jared N. Parrish, and the Movants collectively as the County Defendants.  Having considered the parties' briefing and oral argument, the undersigned RECOMMENDS the District Judge DISMISS the County Defendants because Mr. Bramhall's Complaint fails to state a claim upon which this Court can grant relief as prosecutorial immunity protects them in their individual capacities, and the Complaint fails to allege a custom, policy, or practice that would make Salt Lake County liable for their actions in their official capacities.

## I.  FACTUAL AND PROCEDURAL HISTORY

On June 8, 2018, Mr. Bramhall, proceeding pro se in forma pauperis, filed a Complaint against thirty-five defendants, including the County Defendants.  (See Compl., ECF No. 4.)  Mr. Bramhall specifically pleads six causes of action against the County Defendants under 42 U.S.C. § 1983 for allegedly (1) committing willful neglect of duty, infliction of judicial improprieties, misconduct in office, obstruction of justice, and violations of the Fourth and Fifth Amendments, (2) violating the Speedy Trial Act of 1974, (3) excessive prosecutorial misconduct, cruel and unusual punishment, (4) threats of life imprisonment if he refused to accept over thirty (30) plea offers (5)

psychological water boarding, and (6) committing arbitrariness actions by withholding exculpatory evidence.  (Compl., ECF No. 4 at 2, 31–39.)

In deciding a motion to dismiss the Court takes "as true all well-pleaded factual allegations in a complaint and view[s] the allegations in the light most favorable to the plaintiff."  Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).  A court may consider exhibits attached to a Complaint when evaluating a Rule 12(b)(6) motion to dismiss.  Smith, 561 F.3d at 1098 (stating "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits … and documents incorporated into the complaint by reference.") (citations omitted).

Mr. Bramhall's claims stem from a 2008 arrest and criminal prosecution for aggravated robbery and for making threats against life or property.  (Compl., ECF No. 4 at 3, 6–8, 19, 22-28; see also Salt Lake County Sheriff's Office Jail Booking Record, Ex. C at 1, ECF No. 4-3.)  Officers from the West Valley City Police Department suspected Mr. Bramhall of calling Cyprus Credit Union demanding $100,000, telling the assistant bank manager he was a sharp shooter, and telling the manager he had a bomb within a seven-mile radius of the bank.  (West Valley City Police Dep't CAD Master Call Table, Ex. O at 1–2, ECF No. 4-15; see also Compl., ECF No. 4 at 3, 6–8.)  Mr. Bramhall spent fifty-three months and seventeen days in jail pretrial (Compl., ECF No. 4 at 21) only for a jury to find him not guilty (id. at 27).

Mr. Bramhall alleges the County Defendants committed prosecutorial misconduct and subjected him to cruel and unusual punishment when they prosecuted him for approximately nine years for a crime they knew he did not commit.  (Id. at 22, 36, 38.) He specifically alleges Simarjit S. Gill, and all of the County Defendants, violated his

3

Fifth Amendment rights by failing to indict him before a grand jury.  (Id. at 34.)  He

further alleges Mr. Gill colluded with all of the district attorneys on the case to continue

to prosecute him despite the lack of any evidence linking him to the crime and despite

his attempts to inform Mr. Gill that he did not commit the alleged crime.  (Id. at 22–23.)

Deputy District Attorney Robert Parrish undertook "every possible measure to

strong-arm, manipulate [him], into taking many plea offers, regardless of [his] innocence

of the crimes."  (Id. at 19, 24.)  Mr. Parrish denied Mr. Bramhall his rights to a quick and

speedy trial and committed "psychological waterboarding" by subjecting him to multiple

psychological evaluations.  (Id. at 24–25.)  Mr. Parrish attempted to convince the

psychologist that Mr. Bramhall lacked competency to stand trial and filed a motion to

have Mr. Bramhall civilly committed.  (Id. at 25.)  Mr. Bramhall alleges Mr. Parrish also

committed prosecutorial misconduct when Mr. Parrish allowed a witness, despite Mr.

Bramhall's counsel's protestation, to remain in court during his preliminary hearing.  (Id.)

As the primary district attorney on the case, Mr. Parrish allegedly subjected Mr.

Bramhall to more than thirty-six (36) court appearances, and he made multiple attempts

to deny him a quick and speedy trial by subjecting him to multiple competency

evaluations.  (Id.)  In 2011, then Attorney General Mark Shurtleff allegedly informed Mr.

Parrish that Mr. Parrish had failed to follow proper procedure with respect to one of Mr.

Bramhall's mental health evaluations.  (Id. at 25–26; Ex. L, ECF No. 4-12.)  Mr. Parrish

ignored the Attorney General's information and continued to prosecute Mr. Bramhall

until Mr. Sanders replaced him on the case.  (Compl., ECF No. 4 at 26.)  Mr. Bramhall

alleges Mr. Parrish "kept [him] incarcerated in the Salt Lake Jail for a period of 53

months 17 day's without a trial."  (Id. at 25.)

Mr. Bramhall alleges all of the County Defendants violated his right to a speedy trial and "made every attempt to not have trial," by subjecting him to numerous psychological evaluations and threatening him with prison time if he failed to accept one of their numerous plea offers. (Id. at 36.) Moreover, the County Defendants had "irrefutable proof [he] was innocent of all charges," but they nonetheless continued to attempt to pressure him into accepting plea offers. (Id. at 36–37.) Mr. Bramhall further alleges the County Defendants not only knew of his innocence but "were also aware of the fact of another person committing the same crime while the plaintiff [was] totally restrained." (Id. at 38.) The County Defendants withheld exculpatory evidence that "would have exonerated [him] of any involvement pertaining to the crimes [he] was charged with." (Id.)

Mr. Bramhall alleges the remaining County Defendants each appeared in at least one of his criminal hearings; they all refused to allow him to have a trial, and they "continued to offer [him] many plea bargain offers, regardless of [his] very obvious innocence." (Id. at 24, 27.) All of the County Defendants committed "arbitrariness actions" when they "willfully" withheld "very exculpatory evidence[,] … which would have exonerated [him] of any involvement pertaining to the crimes [he] was charged with." (Id. at 38.)

## II. LEGAL STANDARD

The Court construes pro se pleadings liberally and holds them "to a less stringent standard." Smith, 561 F.3d at 1096 (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted in original)). However, the Court cannot act as an advocate for pro se litigants who must comply with the

fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007)

("[T]his court has repeatedly insisted that pro se parties follow the same rules of

procedure that govern other litigants.") (quoting Garrett, 425 F.3d at 840).  Thus, a pro

se plaintiff still has "'the burden of alleging sufficient facts on which a recognized legal

claim could be based.'"  Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008)

(quoting Hall, 935 F.2d at 1110).  Pro se plaintiffs' claims should survive a Rule 12(b)(6)

motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of

various legal theories, his poor syntax and sentence construction, or his unfamiliarity

with pleading requirements."  Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110).

However, "the court cannot take on the responsibility of serving as the litigant's attorney

in constructing arguments and searching the record."  Garrett, 425 F.3d at 840; see also

Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (noting court "will not

supply additional factual allegations to round out a [pro se] plaintiff's complaint or

construct a legal theory on a plaintiff's behalf.").

       To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege

"'enough facts to state a claim to relief that is plausible on its face.'"  Hogan v. Winder,

762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

547 (2007)).  "'A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'"  Id.  (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A]

plaintiff must offer specific factual allegations to support each claim."  Kan. Penn

Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S.

at 555).  A complaint survives only if it "'states a plausible claim for relief,'" though

courts recognize that "[t]he nature and specificity of the allegations required to state a

plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at

679).

### III.  DISCUSSION

**A.  Prosecutorial Immunity Bars the § 1983 Claims Against the County Defendants in their Individual Capacities**

The Movants argue absolute prosecutorial immunity bars Mr. Bramhall's claims

against the County Defendants.  (Mot. 17–21, ECF No. 93.)  The Movants specifically

contend Mr. Bramhall failed to allege any facts to overcome prosecutorial immunity.

(Id.)  The undersigned agrees.  Mr. Bramhall contends no person in the United States is

immune from liability for the actions the County Defendants took against him.  (Reply to

Defs. Gill, Serassio, Gibbons, Sanders, R. Parrish, Evershed, Collins, Lopresto,

Stanger, & Rasband's Mot. to Dismiss ("Opp'n") 12, ECF No. 95.)  While the

undersigned understands Mr. Bramhall's sentiment, the law is otherwise:  some people

and entities are immune from civil suit for the actions he alleges.

To make a claim for financial damages against an individual for federal

constitutional violations, a plaintiff must state a claim under 42 U.S.C. § 1983.  See

Watson v. City of Kan., 857 F.2d 690, 694 (10th Cir. 1988) (holding to state a claim

under § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person

acting under color of state law").  When suing a person in his or her individual capacity,

the plaintiff "seek[s] to impose individual liability upon a government officer for actions

taken under color of state law.  Thus … 'it is enough to show that the official, acting

under the color of state law, caused the deprivation of a federal right.'"  Hafer v. Melo,

502 U.S. 21, 25 (1991) (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).

Defendants in an individual capacity suit can claim personal immunity, including

absolute prosecutorial immunity.  Kentucky, 473 U.S. at 166-67.

 "Absolute prosecutorial immunity is a complete bar to a suit for damages under

42 U.S.C. § 1983."  Mink v. Suthers, 482 F.3d 1244, 1258 (10th Cir. 2007) (citing Imbler

v. Pachtman, 424 U.S. 409, 419 n. 13 (1976)).  Such immunity shields prosecutors

"when serving as an advocate in judicial proceedings."  Kalina v. Fletcher, 522 U.S. 118,

125 (1997).  "'Prosecutors are entitled to absolute immunity for their decisions to

prosecute, their investigatory or evidence-gathering actions, their evaluations of

evidence, their determinations of whether probable cause exists, and their

determination of what information to show the court.'"  Blazier v. Larson, 443 F. App'x.

334, 336 (10th Cir. 2011) (unpublished) (quoting Nielander v. Bd. of Cty. Comm'rs, 582

F.3d 1155, 1164 (10th Cir. 2009)).  Accordingly, "acts undertaken by a prosecutor in

preparing for the initiation of judicial proceedings or for trial, and which occur in the

course of his role as an advocate for the State, are entitled to the protections of

absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

 However, prosecutors do not always act in the role of an advocate.  See Kalina,

522 U.S. at 126 (finding prosecutors not acting as advocates where they provided legal

advice to police officers, held a press conference, or allegedly fabricated evidence

concerning an unsolved crime).  To determine whether a prosecutor acted as an

advocate, a court must "examine 'the nature of the function performed, not the identity

of the actor who performed it.'"  Kalina, 522 U.S. at 127 (quoting Forrester v. White, 484

U.S. 219, 229 (1988)).

Here, Mr. Bramhall's allegations against the County Defendants all fall within their roles as prosecutors.  For all of the County Defendants with the exception of Mr. Gill, Mr. Bramhall alleges they appeared in court, delayed trial, made plea offers, and attempted to have Mr. Bramhall committed.  Without question, appearances in court and scheduling of trials in criminal cases falls within prosecutorial immunity.  See Imbler, 424 U.S. at 424-28.  Furthermore, a prosecutor acts within his role as an advocate when he makes plea offers.  In fact, "the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system." Bordenkircher v. Hayes, 434 U.S. 357, 361 (1978) (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)).  A prosecutor also acts within his role as an advocate when initiating civil commitment hearings.  Scott v. Hern, 216 F.3d 897, 908-10 (10th Cir. 2000) (holding absolute immunity protected a government lawyer who filed a petition for a civil commitment proceeding).  The Tenth Circuit's holding in Hern extends to a prosecutor's initiation of a competency determination.

Mr. Bramhall also specifically alleges Mr. Robert Parrish violated his rights by bringing a witness into the courtroom for the preliminary hearing.  However, a prosecutor's actions in preparing a witness for trial fall squarely within prosecutorial immunity.  Buckley, 509 U.S. at 273.  Thus, absolute immunity extends to cover all of Mr. Robert Parrish's alleged actions.

As to Mr. Gill, Mr. Bramhall alleges Mr. Gill has liability for failing to prevent his employees from taking actions protected by absolute prosecutorial immunity and alleges he colluded with them to achieve these goals.  The Complaint fails to provide any basis to believe Mr. Gill would have liability when the prosecutors' actions received

9

absolute prosecutorial immunity.  Hence, absolute immunity extends to cover Mr. Gill's alleged actions.

Therefore, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bramhall's § 1983 claims against the County Defendants in their individual capacities. As acknowledged by the Supreme Court, absolute prosecutorial "immunity does leave the genuinely wronged defendant without civil redress."  Imbler, 424 U.S. at 427.

### B. Failure to Allege a Custom, Policy, or Practice that the County Defendants followed in their Official Capacities

The Complaint does not specify whether the County Defendants acted in their individual or official capacities.  While absolute prosecutorial immunity protects the County Defendants in their individual capacities, it does not protect them in their official capacities.  Kentucky, 473 U.S. at 167.  "A [§ 1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same."  Watson, 857 F.2d at 695 (citations omitted); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.") (citations omitted).

The Movants argue this Court should dismiss Mr. Bramhall's 42 U.S.C. § 1983 claims against the County Defendants in their official capacities because his Complaint fails to allege that the violation of his constitutional rights occurred because of a custom, policy, or practice of the County.  (Mot. 16-17, ECF No. 93.)  Mr. Bramhall argues he has

pled "all illicit actions inflicted upon [him] by and through . . . the Salt Lake District Attorney's Office."  (Opp'n 11, ECF No. 95.)

"Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's 'policy or custom' must have played a part in the violation of federal law." Hafer, 502 U.S. at 25 (quoting Kentucky, 473 U.S. at 166 (quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978))).  Rule 8 requires that a complaint "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).

As currently pled, the Complaint focuses on the individual County Defendants' actions towards Mr. Bramhall (see e.g., Compl., ECF No. 4 at 19–27, 34–39), and does not implicate any particular policy or custom.  Because Mr. Bramhall does not allege Salt Lake County's policy, custom, or practice played a role in violating his constitutional rights, the undersigned RECOMMENDS the District Judge DISMISS his § 1983 claims against the individual defendants in their official capacities.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bramhall's claims against the County Defendants in their individual capacities because prosecutorial immunity bars them.  Furthermore, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bramhall's claims against the County Defendants in their official capacities for failure to state a claim because Mr. Bramhall

11

does not allege a policy, custom, or practice played a role in the violation of his constitutional rights.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of receiving it. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 22nd day of January, 2019.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge