IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EARL E. BRAMHALL,<br><br>                       Plaintiff,<br><br>v.<br><br>WEST VALLEY CITY POLICE DEPARTMENT, COLLEEN JACOBS, police officer, TRAVIS PEARCE, police officer, ROBERT BOBROWSKI, police officer, NICOLAS COOK, police officer, et al.,<br><br>                       Defendants. | **REPORT AND RECOMMENDATION TO GRANT CYPRUS DEFENDANTS' MOTION TO DISMISS (ECF NO. 74)**<br><br>2:18-cv-00438-DB-EJF<br><br>District Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Cyprus Credit Union, Inc. and Brooke Bennion, (collectively the "Cyprus Defendants") move the Court[1] to dismiss Plaintiff Earl E. Bramhall's Complaint. (Defs.' Cyprus Credit Union & Brooke Bennion's Mot. to Dismiss ("Mot. to Dismiss"), ECF No. 74.) The Cyprus Defendants argue this Court should dismiss Mr. Bramhall's claims and causes of action against them because (1) the statute of limitations bars his claims, (2) the Complaint alleges insufficient facts to support his causes of action against them, and (3) the Complaint fails to allege sufficient facts to show personal or supervisory liability under 42 U.S.C. § 1983. (Mot. 3–6, ECF No. 74.) Having considered the parties' briefing and oral argument, the undersigned RECOMMENDS the District Judge GRANT the Cyprus Defendants' Motion because Mr. Bramhall's Complaint fails to state a claim upon which this Court can grant relief.

---

[1] On June 12, 2018, the District Judge referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

1

## I. FACTUAL AND PROCEDURAL HISTORY

On June 8, 2018, Mr. Bramhall, proceeding pro se in forma pauperis, filed a Complaint against thirty-five defendants, including the Cyprus Defendants. (See Compl., ECF No. 4.) Mr. Bramhall pleads eleven causes of action: (1) failure to read him his Miranda Rights, (2) misconduct of a public official, (3) willful neglect of duty, infliction of judicial improprieties, misconduct in office, (4) violation of the Speedy Trial Act of 1974, violation of his Fifth Amendment rights, (5) brutal bungling, inept investigation, obstruction of justice, (6) excessive prosecutorial misconduct, cruel and unusual punishment, (7) threat of life imprisonment, unconstitutional delays, (8) tampering with evidence, loss of personal assets, (9) psychological waterboarding, (10) extensive vilification, and (11) arbitrariness actions. (Compl., ECF No. 4 at 31, 34–39.) None of these causes of action mentions the Cyprus Defendants.

Mr. Bramhall's claims stem from a 2008 arrest and criminal prosecution for aggravated robbery and for making threats against life or property. (Id. at 3, 6–8, 19, 22-28; see also Salt Lake County Sheriff's Office Jail Booking Record, Ex. C at 1, ECF No. 4-3.) Officers from the West Valley City Police Department suspected Mr. Bramhall of calling Cyprus Credit Union, demanding $100,000 and telling the assistant bank manager he was a sharp shooter, and telling the manager he had a bomb within a seven-mile radius of the bank. (West Valley City Police Department CAD Master Call Table, Ex. O, 1–2, ECF No. 4-15; see also Compl., ECF No. 4 at 3, 6–8.) Mr. Bramhall spent fifty-three months and seventeen days in jail pretrial (Compl., ECF No. 4 at 28, 30) despite a jury finding him not guilty (id. at 27).

In deciding a motion to dismiss the Court takes "as true all well-pleaded factual allegations in a complaint and view[s] the allegations in the light most favorable to the plaintiff."  Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009).  A court may consider exhibits attached to a Complaint when evaluating a Rule 12(b)(6) motion to dismiss.  Smith, 561 F.3d at 1098 (stating "[i]n evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits … and documents incorporated into the complaint by reference.") (citations omitted).

Mr. Bramhall alleges Cyprus Credit Union "hired the defendant Brook Bennion without completing [a] thorough psychological evaluation." (Compl., ECF No. 4 at 28.) Ms. Bennion, the then-Branch Manager of Cyprus Credit Union, allegedly made false accusations against him and committed perjury "in both trials against [him]," which resulted in him serving fifty-three months and seventeen days in jail pretrial and the loss of both his home and business.  (Id. at 28–30.)  Mr. Bramhall is unable to work and currently receives Social Security benefits as a result of the medical and psychological injuries he sustained at the hands of the Cyprus Defendants.  (Id. at 41.)

## II. LEGAL STANDARD

The Court construes pro se pleadings liberally and holds them to a "less stringent standard."  Smith, 561 F.3d at 1096 (quoting Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation omitted)).  However, the Court cannot act as an advocate for pro se litigants who must comply with the fundamental requirements of the Rules.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991); Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007) ("[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.")

(quoting Garrett, 425 F.3d at 840). Thus, a pro se plaintiff still has "'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). Pro se plaintiffs' claims should survive a Rule 12(b)(6) motion, "despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Smith, 561 F.3d at 1096 (quoting Hall, 935 F.2d at 1110). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." Garrett, 425 F.3d at 840; see also Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997) (noting court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a motion to dismiss, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Montano, 715 F.3d 847, 852 (10th Cir. 2013). "[A] plaintiff must offer specific factual allegations to support each claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing

Twombly, 550 U.S. at 555).  A complaint survives only if it "'states a plausible claim for relief,'" though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

### III.  DISCUSSION

#### A. Mr. Bramhall's Complaint Fails to Plead State Action under § 1983

The Cyprus Defendants argue Mr. Bramhall's Complaint "fails to provide plausible notice of actual cognizable claims against them." (Mot. 5, ECF No. 74.)  The Cyprus Defendants specifically argue Mr. Bramhall's Complaint fails to allege sufficient facts to establish Ms. Bennion's personal liability or Cyprus Credit Union's supervisory liability under § 1983.  (Id.)  Mr. Bramhall counters he "has in fact given facts of both defendants, Cyprus Credit Union, Brooke Bennion, and their inappropriate, inhumane actions said defendant subjected [him] to." (Pl.'s Reply to Defs.' Cyprus Credit Union, Brooke Bennion Mot. to Dismiss ("Opp'n") 4, ECF No. 79.)  The undersigned concludes Mr. Bramhall's Complaint fails to state a § 1983 claim because he has not alleged any state action on behalf of the Cyprus Defendants.

"The elements of a section 1983 claim are the deprivation of rights secured by the Constitution or federal law, and action occurring under color of state law." Garcia v. Wilson, 731 F.2d 640, 651 (10th Cir. 1984).  "Under Section 1983, liability attaches only to conduct occurring 'under color of law.'  Thus, the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995) (alteration in original) (quoting Nat'l

Collegiate Athletic Ass'n v. Tarkanian, 488 U.S. 179, 191 (1988) (quoting Monroe v. Pape, 365 U.S. 167, 172 (1961)). Mr. Bramhall does not allege either Cyprus Credit Union or Ms. Bennion represent or work for the state. At best, Ms. Bramhall alleges Cyprus Credit Union and Ms. Bennion are private actors.

The law will consider a private actor a state actor for purposes of § 1983 "if the state exercises sufficient 'coercive power' over the challenged action", Wittner v. Banner Health, 720 F.3d 770, 775 (10th Cir. 2013), or if "the challenged action is a traditional and exclusive function of the state", id. at 777, or if the "'state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights'", id. at 777 (quoting Gallagher, 49 F.3d at 1453), or if "the state's relationship with the private actor goes beyond the 'mere private [purchase] of contract services'", id. at 778 (alteration in original) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 299 (2001)). The facts, as alleged, do not convert the Cyprus Defendants into state actors. Mr. Bramhall only alleges Cyprus Credit Union negligently hired Ms. Bennion, and Ms. Bennion made false accusations against him and committed perjury when she testified against him. (Compl., ECF No. 4 at 28–30.) Because Mr. Bramhall does not allege any state control over hiring or giving testimony, or that hiring or giving testimony constitutes a traditional and exclusive state function, or any concerted against between the Cyprus Defendants and the state, or that the Cyprus Defendants participated in a complex entwinement with the state, he fails to plead state action. Accordingly, because Mr. Bramhall does not allege any state action by the

Cyprus Defendants, the undersigned RECOMMENDS the District Judge dismiss his § 1983 claims against the Cyprus Defendants.

### B. Mr. Bramhall's Complaint Fails to Plead a Cognizable Tort Claim Against the Cyprus Defendants

The Cyprus Defendants argue Mr. Bramhall's Complaint fails "to allege any specific acts or omissions" they committed "under each of his eleven causes of action." (Mot. 4, ECF No. 4.) Mr. Bramhall pleads eleven causes of action against the thirty-five named defendants. Upon close inspection of his Complaint, one sees Mr. Bramhall asserts particular claims against certain defendants within his sections labeled "supporting facts." (See e.g., Compl., ECF No. 4 at 31, 34–39.) None of these eleven causes of action mentions the Cyprus Defendants.

Construing the Complaint liberally, Smith, 561 F.3d at 1096, Mr. Bramhall's sole discernible claim against Cyprus Credit Union proceeds on a theory of negligent hiring, supervision, or retention. To recover under a theory of negligent hiring, supervision, or retention under Utah law a "plaintiff must show that [the defendant] had a duty to protect him from harm at the hands of its employees, a negligent breach of that duty, and the harm and damages caused by that breach." Castellanos v. Tommy John, LLC, 2014 UT App 48, ¶ 42, 321 P.3d 218, 234 (alteration in original, emphasis omitted) (quoting J.H. v. West Valley City, 840 P.2d 115, 124 (Utah 1992)). "In the context of a claim for negligent supervision or retention, a duty may arise when an employer could reasonably be expected, consistent with the practical realities of an employer—employee relationship, to appreciate the threat to a plaintiff of its employee 's actions and to act to minimize or protect against that threat." Jackson v. Righter, 891 P.2d 1387, 1392 (Utah 1995) (emphasis omitted)). To the extent Mr. Bramhall attempts to plead negligent

7

hiring, supervision, or retention, he fails to plead facts to suggest that Cyprus Credit Union had a plausible reason to appreciate, either at the time of Ms. Bennion's hiring or at the time of the incident, that Ms. Bennion would perjure herself.

Again construing the Complaint liberally, Smith, 561 F.3d at 1096, Mr. Bramhall's sole discernible claim against Ms. Bennion alleges she committed perjury by identifying Mr. Bramhall as the robber when she knew otherwise. "Utah does not recognize a private right of action for perjury or obstruction of justice." Puttuck v. Gendron, 2008 UT App 362, ¶ 17, 199 P.3d 971, 978. Accordingly, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bramhall's state tort claims for failure to state a claim upon which this Court can grant relief.

## RECOMMENDATION

For the reasons stated above, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bramhall's § 1983 claims against the Cyprus Defendants for failure to state a claim upon which this Court can grant relief because he fails to plead sufficient facts to establish state action. The undersigned further RECOMMENDS the District Judge DISMISS Mr. Bramhall's negligent hiring, retention, and supervision claim against Cyprus Credit Union because he fails to plead facts making such a claim plausible. Lastly, the undersigned RECOMMENDS the District Judge DISMISS Mr. Bramhall's perjury claim against Ms. Bennion because Utah does not recognize a civil cause of action for perjury. Because the undersigned recommends dismissal on these grounds, the undersigned does not address the statute of limitations argument.

The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies

the parties that they must file any objection to this Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 25 day of January, 2019.

BY THE COURT:

_Evelyn J. Furse_
EVELYN J. FURSE
United States Magistrate Judge